IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LINDA MORANTE, INDIVIDUALLY AND | § | |
| AS REPRESENTATIVE OF THE ESTATE OF | § | |
| LUIS MORANTE, DECEASED | § | CIVIL CASE NO._____ |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| MICHELIN NORTH AMERICA, INC., | § | |
| | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES  LINDA MORANTE, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF LUIS MORANTE, DECEASED, Plaintiff herein,  and for cause of action would respectfully show the Court the following:

### I. THE PARTIES

**A.   PLAINTIFF**

1.      Plaintiff LINDA MORANTE   is a naturalized citizen of the United States, specifically, a citizen of the state of Texas, residing in Fort Bend County, Texas and brings suit herein in her individual capacity as the surviving spouse and wrongful death beneficiary LUIS MORANTE and in her capacity as the representative of the ESTATE OF LUIS MORANTE, DECEASED.

**B.   DEFENDANT**

2.      Defendant MICHELIN NORTH AMERICA, INC. ("MNA") is a foreign for-profit corporation organized and existing under the laws of New York, with its North American headquarters in Greenville, South Carolina, doing business in Texas, authorized to conduct

business in Texas and may be served with process by serving its registered agent for service who is CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

## II. JURISDICTION AND VENUE

3.      The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states (Texas and South Carolina, respectively), and the amount in controversy exceeds $75,000, excluding interest and costs.

4.      This is a negligence and personal injury cause of action arising out of a motor vehicle collision occurring in  Brazoria County in the Southern District of Texas.  Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## III. FACTS

5.      The term "Plaintiff's vehicle"  refers to the 2002 Kenworth Construction/ Dump truck being operated at the time of the incident in question by Plaintiff's Decedent, LUIS MORANTE.

6.      The term "tire in question" or "subject tire" refers to a Michelin XZA-2 315/80R22.5  tire bearing Depart of Transportation (D.O.T.) number B6D7 35CX 1216, made at the Michelin North America, Inc. Tire Manufacturing plant in Spartanburg, South Carolina.

7.      The tire in question was research developed, designed,  manufactured, tested, marketed and  sold by MICHELIN NORTH AMERICA, INC. ("MNA").  At the time the tire in question left the hands of MNA, the tire in question was defective and unreasonably dangerous.

8.      This suit arises out of if a motor vehicle incident which occurred on or about  July 20, 2022 in Brazoria County, Texas.

2

Plaintiff's Original Petition (*Morante vs. Michelin North America, et al*)                    Page

9.      On this date, the Plaintiff Decedent, LUIS MORANTE was travelling on the 27200 block of State Highway 36 at or near County Road 19 in Brazoria County, Texas when the right front tire of Plaintiff's vehicle failed, causing him to lose control of his vehicle, causing the vehicle to leave the roadway and rollover.

10.      Although properly belted, Mr. Morante suffered blunt force injuries as a result of the crash, specifically but not limited to blunt trauma to his head and face and injuries to his left arm and right thigh. After the vehicle came to rest following the rollover event, and as a result of the traumatic injuries sustained in the accident sequence, Mr. Morante became entrapped in the vehicle and unable to move or escape, and ultimately succumbed to his injuries.

## IV. CAUSES OF ACTION: STRICT LIABIITY MICHELIN NORTH AMERICA INC. ("MNA")

11.      Plaintiff incorporates by reference each and all of the allegations contained in paragraphs 1 – 10 of this Complaint as though fully set forth herein.

12.      The subject tire was designed, manufactured, marketed, and placed into the stream of commerce by MNA in a defective and unreasonably dangerous condition to an extent beyond that which would be contemplated by an ordinary user of the subject tire.  The subject tire was in substantially the same condition at the time of the incident as when it was placed into the stream of commerce.

13.      The subject tire was unreasonably dangerous by virtue of its design and/or manufacturing defects.  MNA defectively designed, manufactured, and marketed the subject tire, which rendered it unreasonably dangerous for its intended and foreseeable use, and which was the producing and proximate cause of the incident in question, the death of Plaintiff's decedent LUIS MORANTE,  and Plaintiff's injuries and damages.  LUIS MORANTE lacked knowledge of and

could not have discovered through the exercise of reasonable care, the defective condition of the subject tire and used the subject tire in the manner and for the purpose intended. MNA is therefore strictly liable for Plaintiff's damages as set forth in Restatement Second, Torts §§ 402A and 402B.

14.     At the time the subject tire was manufactured, there existed safer alternative designs, described below, that would have prevented or significantly reduced the risks of LUIS MORANTE's injuries. Such alternative designs, including, but not limited to, those described herein, were both reasonable and economically and technologically feasible at the time the subject tire left MNA's control through the application of then-existing, achievable scientific knowledge.

15.     The subject tire's failure occurred within the projected manufactured life of the subject tire, and Plaintiffs were foreseeable users of the subject tire at the time of the catastrophic tread separation.

16.     For these reasons MNA is strictly liable to Plaintiff under applicable product-liability law without regard to or proof of negligence. However, if it be necessary, Plaintiff would show the subject tire was designed, manufactured, and marketed in a negligent, and defective manner, and which negligence and defects were a producing and proximate cause of the incident, the death to Plaintiff's decedent, and the injuries and damages to Plaintiff, and for which Plaintiff hereby seeks recovery.

### V. <u>CAUSES OF ACTION: NEGLIGENCE</u><br><u>MICHELIN NORTH AMERICA INC. ("MNA")</u>

17.     Plaintiff incorporates by reference each and all of the allegations contained in paragraphs 1 – 16 of this Complaint as though fully set forth herein.

18.     At the time the tire in question left the hands of MNA, the said tire contained one or more manufacturing/design defects in that the tire failed to include proper mechanisms for controlling the danger of tire de-tread, which manufacturing, and design defects were a producing

4

Plaintiff's Original Petition (*Morante vs. Michelin North America, et al*)          Page

cause of the serious injuries and ultimate death of Plaintiff's Decedent LUIS MORANTE and damages suffered by Plaintiff.

19.     MNA was negligent in the design, manufacture, sale, and failure to warn the public about dangers related to the potential for tread loss from tires such as the tire in question, which negligence was a proximate cause of the events made the basis of this suit.

20.     At the time the tire in question was designed, manufactured, and sold by MNA, it was defective in design and unreasonably dangerous, which defective and unreasonably dangerous condition was a producing cause of the serious injuries and ultimate death of Plaintiff's Decedent LUIS MORANTE, and damages suffered by Plaintiff.  More specifically, at the time the tire in question was designed, manufactured, and sold by MNA, it contained manufacturing/design defects in that the tire failed to include proper mechanisms for controlling the danger of tire de-tread, which manufacturing, and design defects were a producing cause of the serious injuries and ultimate death of Plaintiff's Decedent LUIS MORANTE, and damages suffered by Plaintiff.  The defects in the tire render it susceptible to tire de-tread.

21.     MNA is strictly liable in that it engaged in the business of marketing and selling tires and marketed/sold a product in a defective condition, unreasonably dangerous to the user or consumer, which reached the consumer without substantial change in the condition in which it was sold and resulted in injury to the consumer, Plaintiff's Decedent LUIS MORANTE and Plaintiff.

22.     At the time the tire in question left the hands of its manufacturer and retailer until the time of the subject incident, said product was defective in its design and/or manufacture because at the time it left the control of the manufacturer/seller, *inter alia*:

    a.     the product was designed in a defective manner that made it susceptible to tire de-tread; and

    b.       the tire was placed into the stream of commerce by Defendant MNA without warnings about the tire's defects.

23.    The unreasonably dangerous nature of the defects as outlined above created a high probability that at highway speeds the tire will, without warning to the driver, suffer tread separation with loss of human life and/or severe and permanent personal injuries resulting. Defendant MNA knew of this probability prior to production and marketing of the tire at issue and, in conscious disregard of the consequences, willfully and wantonly manufactured and sold the defective tire in question, which caused Plaintiff Luis Morante's injuries and ultimate death, and damages as set forth herein. Said product's defective condition rendered the product unreasonably dangerous to the consumer and said defective and unreasonably dangerous condition of the tire in question was a producing cause of the serious injuries and ultimate death of Plaintiff's Decedent, LUIS MORANTE and damages suffered by Plaintiff.

24.    Defendant MNA, in light of reasonably available knowledge or in the exercise of reasonable care, knew or should have known:

    a.       About the dangers, which caused Plaintiff's Decedent Luis Morante's injuries and ultimate death;

    b.       That the danger caused by the aforementioned dangerous characteristics was not an inherent characteristic; and

    c.       That the danger caused by the tire in question could have been eliminated by a feasible design alternative without substantially compromising the tire in question's usefulness or desirability.

25.    The defects in the tire in question were not observable or detectable by LUIS MORANTE and he had no knowledge of the dangerous conditions of the tire in question; he did not appreciate the danger; and he did not deliberately and/or voluntarily choose to expose himself to said dangerous conditions.

6

Plaintiff's Original Petition (*Morante vs. Michelin North America, et al*)        Page

26.     The tire in question's dangerous conditions were not known, or open and obvious, to LUIS MORANTE, taking into account the characteristics of and the ordinary common knowledge of persons ordinarily using vehicles.

27.     Plaintiff further alleges that MNA knew, or in light of reasonably available knowledge or in the exercise of reasonable care, should have known about the unreasonably dangerous condition of the tire in question; and that the tire in question failed to function as expected and there existed a feasible design alternative, which would have reasonably prevented the harm.  At the time of its manufacture, the tire in question was not as safe as the then current testing and research technology could have made it.  At the time the tire in question was distributed and sold, the product's benefits were achievable by alternative designs that would have as effectively accomplished the fully-intended purpose of the tire in question with substantially less risk of danger of a tire de-tread in a reasonably foreseeable condition. MNA failed to utilize economically and technically available safety design alternatives.

28.     The tire, as sold by Defendant MNA, was in a defective condition and was unreasonably dangerous as designed, taking into consideration the utility of the tire and the risk involved in its use.  At the time the tire left control of the said Defendant, there existed an economically and technologically feasible safer alternative design.  The safer alternative design would have either prevented or significantly reduced the risk of occurrence, injuries, and damages without substantially impairing the tire's utility, and the safer alternative design was economically and technologically feasible by the application of existing or reasonably achievable scientific knowledge at all times relevant.

29.     Defendants, therefore, are strictly liable to Plaintiff under applicable products liability law without regard to or proof of negligence or gross negligence, although Plaintiff would

also show Defendant MNA negligently designed, manufactured, assembled, marketed and placed into the stream of commerce the tire in question in a defective condition and that such negligence and defects were producing and proximate causes of the injuries and ultimate death of Plaintiff's Decedent, LUIS MORANTE and the damages suffered by the Plaintiff.

30.     There were defects in the marketing of the tire at the time it left the possession of MNA, which defects were producing causes of the occurrence, the injuries and ultimate death of Plaintiff's Decedent LUIS MORANTE, and Plaintiff's damages.  MNA failed to give adequate warning of the tire in question's dangers, including and among other things, the effects poor belt adhesion, poor steel cord adhesion, poor thickness of skim stock/inner liner, among other failings, and which failings were known, or by the application of reasonably developed human skill and foresight should have been known, and/or failure to give adequate instructions to avoid such dangers, which failure rendered the tire in question unreasonably dangerous as marketed.

31.     As a manufacturer of tires designed for use on automobiles, vans, and trucks, which are used by humans on a daily basis, MNA had a duty to use reasonable care in the design of its products.  MNA breached this duty and was negligent in designing the tire in question, which MNA knew or, in the exercise of reasonable care, should have known, was likely to fail in reasonably foreseeable conditions and cause death and/or serious injury to reasonably foreseeable users of the product such as the Plaintiff.  It was reasonably foreseeable to MNA there would be a substantially increased incidence of tire de-tread and accidents as a result of the negligent design of the tire in question.  MNA should be held liable for failure to provide reasonable, cost-acceptable safety features to reduce the likelihood of tire de-tread.  As a result of MNA's negligence, Plaintiff's Decedent LUIS MORANTE was severely and needlessly injured and died and Plaintiff has suffered damages.

32. MNA's conduct as set forth herein constitutes negligence with regard to the design, manufacturing, assembling, testing, placing in the stream of commerce, and marketing of the tire in question, including:

a. Failing to adequately design and assemble the tire in question;

b. Failing to adequately inspect the tire in question before placing it into the stream of commerce;

c. Failing to manufacture the subject tire to its specifications;

d. Failing to institute, execute, and maintain adequate quality control and quality assurances processes and procedures;

e. Manufacturing the subject tire with contaminants in its components;

f. Failing to inspect the subject tire for latent defects in its manufacture;

g. Negligently hiring, training, and supervising MNA workers who manufactured the subject tire;

h. Failing to adequately collect and analyze loss adjustment data, warranty data, claims, and lawsuits that may reveal that the subject tire models perform more poorly than other tire lines that incorporate safety features or safer alternative designs not present in the subject tire,

i. Failing to provide reasonable and adequate warnings to the users of the tire in question about its unreasonably dangerous conditions and the effects of such conditions on its components; and

j. Failing to implement and/or enforce internal inspection standards and quality control standards in manufacturing at the Michelin North America, Inc. Tire Manufacturing plant in Spartanburg, South Carolina where the tire in question was manufactured.

33. The negligence of Defendant MNA was a proximate cause of the occurrence, injuries of Plaintiff Decedent Luis Morante and Plaintiff's damages.

34. The tire in question, which failed while mounted on the vehicle in question, reflects a failure to comply with standards of care for tire manufacture and tire design recognized by MNA,

9

Plaintiff's Original Petition (*Morante vs. Michelin North America, et al*)          Page

and reflects the poor tire manufacture and tire design practices and negligent performance of those tire manufacture and tire design practices.

35. Each and all of the above foregoing acts of omission and/or commission constituted negligence and were a proximate cause of the death to Plaintiff's decedent, and the injuries and damages to Plaintiff and for which Plaintiff now seeks recovery.

## VI. <u>DAMAGES</u>

36. Plaintiff incorporates by reference each and all of the allegations contained in Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

### A. ESTATE OF LUIS MORANTE, DECEASED

37. As a direct and proximate result of the foregoing events, LUIS MORANTE died. Accordingly, the Estate of LUIS MORANTE is entitled to an award of damages including, but not limited to, damages in the form of physical pain and suffering and mental anguish which LUIS MORANTE suffered before his death, the necessary and reasonable expense of medical care and treatment of LUIS MORANTE prior to his death, and reasonable funeral and burial expense suitable to LUIS MORANTE's station in life.

### B. LINDA MORANTE – WRONGFUL DEATH OF SPOUSE LUIS MORANTE

38. Plaintiff LINDA MORANTE is the surviving spouse of LUIS MORANTE, DECEASED. Plaintiff's Decedent, LUIS MORANTE, was 52 years old at the time of his death. He was in good health with a reasonable life expectancy of many years. During his lifetime, the decedent was a good, caring husband, who gave comfort, support, and companionship to his wife. In all reasonable probability, he would have continued to do so for the remainder of his natural life. Plaintiff LINDA MORANTE had a close social relationship with a significant relational bond that has been permanently damaged and lost as a result of MNA's actions. As a result of the

10

Plaintiff's Original Petition (*Morante vs. Michelin North America, et al*)          Page

incident made the basis of this suit, Plaintiff LINDA MORANTE has lost love, support, and companionship of her husband. Plaintiff LINDA MORANTE is entitled to damages against MNA for loss of consortium. She brings a claim individually for loss of consortium as a result of the death of her husband, LUIS MORANTE, Deceased.

39.     As a result of the death of LUIS MORANTE, his surviving wife, LINDA MORANTE, has suffered damages in the past and in the future, including pecuniary damages, mental anguish, loss of companionship and society, and for which damages are sought under the Texas Wrongful Death Act and Texas Survival Act in an amount far in excess of the minimal jurisdictional limits of this Court and of the minimum $75,000.00 jurisdictional limits of the Federal Courts.

## VII.     PRE-JUDGMENT AND POST-JUDGMENT INTEREST

40.     Plaintiff incorporates by reference each and all of the allegations contained in Paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41.     Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII. JURY DEMAND

42.     Plaintiff requests a trial by jury for all issues of fact.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff LINDA MORANTE prays Defendant MICHELINE NORTH AMRICA, INC. be cited to appear and answer herein, this cause be set down for trial before a jury, and Plaintiff recovers judgment of and from Defendant for Plaintiff's actual damages, jointly and severally, in such amount as the evidence may show and the jury may determine to be proper, together with the prejudgment interest, post-judgment

11

Plaintiff's Original Petition (*Morante vs. Michelin North America, et al*)          Page

interest, costs of suit, and such other and further relief to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**SAHADI LEGAL GROUP**
414 S. Tancahua Street
Corpus Christi, TX 78401
T: 361-760-3300
F: 361-760-3310

By: ***/s/ Reagan Sahadi___***
R. Reagan Sahadi
State Bar No. 24042369
Federal Bar No. 634434
rsahadi@sahadilegal.com
e-filing@sahadilegal.com

**ATTORNEYS FOR PLAINTIFF**

12

Plaintiff's Original Petition (*Morante vs. Michelin North America, et al*)            Page